■ In the Matter of the Claim of LAZARUS DOUGLAS, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 1980. The board has affirmed an initial determination that the claimant is ineligible for a "trade readjustment allowance" (US Code, tit 19, § 2291). The Federal Trade Act of 1974 and regulations of the Secretary of Labor applicable to this proceeding are as follows: "Trade readjustment allowance; qualifying requirements for workers. Payment of a trade readjustment allowance shall be made to an adversely affected worker covered by a certification under subpart A of this part who files an application for such allowance for any week of unemployment which begins after the date specified in such certification pursuant to section 2273(a) of this title, if the following conditions are met * * * (2) Such worker had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm, or, if data with respect to weeks of employment are not available, equivalent amounts of employment computed under regulations prescribed by the Secretary." (US Code, tit 19, § 2291.) "Regulations. The Secretary shall prescribe such regula-

tions as may be necessary to carry out the provisions of this part." (US Code, tit 19, § 2320.) "Definitions * * * (15) 'Employment' means any service performed for an employer by an individual for wages or by an officer of a corporation." (29 CFR 91.3.) The claimant was suspended from his employment in the shipbuilding industry on September 18, 1977. Subsequently, an arbitrator directed that he be reinstated and paid back pay for the period of September 18, 1977 through January 22, 1979 when he normally would have been laid off due to lack of work. The Industrial Commissioner and the board have found that since claimant did not perform any services at all for his employer during the qualifying period of January 23, 1978 to January 22, 1979, he cannot meet the requirement that he performed services in at least 26 weeks of such period. It is certain that claimant did not perform any services and that as far as the employer was concerned, he was not in employment during the period of his suspension. The claimant has failed to establish that the commissioner's construction of "employment" as defined in the regulations quoted hereinabove is without a rational basis. That the date of reinstatement might otherwise qualify a claimant for unemployment insurance benefits based on constructive employment during the preceding weeks does not require such a constructive employment in this case. The unemployment insurance act is intended to provide basic benefits for those who lose their employment through no fault of their own whereas the trade adjustment allowance provides additional benefits based on an actual employment, or at least the board and commissioner could so differentiate. (See *Ford v Commonwealth of Pa., Unemployment Compensation Bd. of Review,* 48 Pa C Dec WCC 580.) Decision affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.